OPINION
On September 28, 1994, appellant, Michael Nauman, worked for appellee, Cooper Energy Services International, Inc, as an assembler of turbine engines. On said date, appellant fell from an engine and sustained injuries. On September 2, 1999, appellant, together with his wife and children, refiled a previously dismissed complaint against appellee and Cooper Cameron Corporation, asserting intentional tort and consortium claims. An amended complaint was filed on February 11, 2000.
On April 27, 2001, appellees filed a motion for summary judgment. Appellants filed a memorandum in opposition on May 10, 2001. Included in the memorandum was the affidavit of J. Nigel Ellis, Ph.D., an expert on fall protection. On May 14, 2001, appellees filed a motion to strike Dr. Ellis's affidavit. By order and judgment entry filed June 5, 2001, the trial court struck the affidavit and granted summary judgment to appellees.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. IN THIS INTENTIONAL TORT ACTION, THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEES' MOTION TO STRIKE THE AFFIDAVIT OF J. NIGEL ELLIS, ONE OF THE NATION'S LEADING EXPERTS IN FALL PROTECTION, WHERE SAID EXPERT'S OPINIONS WERE PROPERLY BASED IN THE FACTUAL EVIDENCE WHICH THE TRIAL COURT WAS REQUIRED TO CONSIDER AND WHERE THE EXPERT'S OPINIONS, STANDING ALONE OR IN COMBINATION WITH OTHER EVIDENCE, CLEARLY ESTABLISHED A FACTUAL DISPUTE REGARDING THE DEFENDANT-APPELLEES' MISCONDUCT.
 II. IN THIS INTENTIONAL TORT ACTION, THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE PLAINTIFF-APPELLANTS PROVIDED AMPLE EVIDENCE PROVING A GENUINE DISPUTE OF FACTS WITH RESPECT TO EACH OF THE ELEMENTS OF AN INTENTIONAL TORT, AND THE TRIAL COURT CHOSE INSTEAD TO IMPROPERLY WEIGH EVIDENCE AND ENGAGE IN FACT FINDING RATHER THAN FOLLOWING THE PROPER STANDARD FOR REVIEWING SUCH A MOTION, AND PROTECTING PLAINTIFF-APPELLANTS' CONSTITUTIONAL RIGHT TO A TRIAL BY JURY.
 I
Appellant claims the trial court erred in striking Dr. Ellis's affidavit.[1] We agree.
Generally, rulings on evidence are left to the sound discretion of the trial court and are reviewed under the abuse of discretion standard unless the ruling clearly violates a rule of evidence. State v. Sage
(1987), 31 Ohio St.3d 173; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The relevant rules of evidence applicable sub judice are Evid.R. 702, Evid.R. 703 and Evid.R. 704 which state as follows:
EVID.R 702. TESTIMONY BY EXPERTS
 A witness may testify as an expert if all of the following apply:
 The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 The design of the procedure, test, or experiment reliably implements the theory;
 The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
 EVID.R 703. BASES OF OPINION TESTIMONY BY EXPERTS
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing.
 EVID.R. 704. OPINION ON ULTIMATE ISSUE
 Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact.
Dr. Ellis's affidavit and the presentation of his opinion are in an unconventional form (attaching the report to the affidavit verifying the report as the expert opinion). However, we do not find this to be fatal at the summary judgment stage. Dr. Ellis's affidavit states in pertinent part the following:
 Also attached hereto is a report expressing my opinions, and the bases for those opinions, with respect to the need for fall protection in connection with the accident suffered by Michael Nauman. The report is fully incorporated into this Affidavit.
A general review of Dr. Ellis's affidavit, curriculum vital and report establishes that it is an opinion that qualifies under Evid.R. 702 citedsupra. Clearly, matters of safety standards fall outside the general knowledge of laymen. Dr. Ellis has specialized knowledge as a Board Certified Professional Ergonomist and as a CESB Board Certified Diplomate in Forensic Engineering, and the report is based on specific information concerning National Safety Standards.
Appellees' motion to strike challenged the basis upon which Dr. Ellis reached his opinion. Specifically, appellees argue some of the items referenced in the March 10, 1998 report as materials used were not part of the record:
 The March 10, 1998, letter is based upon Ellis review of, inter alia, numerous documents not admitted into evidence, including the following: `Application for Additional Award in Workers' Compensation Claim,' `Nauman Medical Reports,' `Accident Facts 1996,' `Total Workplace Injuries in 1995 B[ureau] L[abor] S[tandards] April, 1997 #913,' `Occupational Injuries and Illnesses, BLS 1994, 1995 #2478, 2485,' `Introduction To Fall Protection, 2d Ed. ASSE,' `Accident Prevention Manual 11th Ed., National Safety Council,' `Industrial Commission of Ohio Claim L266 888-22,' `Nauman layoff documents from Cooper' `The Clydesdale Report,' `Industry knowledge from association, society, safety engineering/maintenance magazines, newsletters, meetings and displays . . .' and `Bests Safety Directory.' Of course, none of these source documents for Ellis' letter-report were placed into evidence under Ohio R. Evid. 703.
Appellees' Brief at 6, fn. 6.
However, under Evid.R. 703, facts or data upon which an expert "bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing." Therefore, Evid.R. 703 does not prohibit an expert from rendering an opinion on materials outside the record. This is critical to a summary judgment motion affidavit as all the facts or data are not part of the record.
The opinion given by Dr. Ellis relates to the obvious fall hazards involved with the assembly procedure, OSHA and Ohio Safety Standards, and the inference that appellees had to be aware of the dangers involved, but ignored the open and obvious safety hazards:
 Final conclusion: Cooper knew working from the top of the turbine was a safety hazard for up to eight hours per hood section, knew available solutions and failed to apply these solutions to Mike Nauman. They professed to know the fall protection regulations, knew high lift requirements for fall protection but ignored a fall hazard atop the turbine for many years which was destined to produce severe or fatal injury, and did.
 Ellis Report dated March 10, 1998, at 5, attached to Plaintiffs' Memorandum in Opposition filed May 10, 2001.
This conclusion was given in answer to affidavits of Gary L. Maudie and Susan Huggins (attached to Defendants' Motion for Summary Judgment filed April 27, 2001) wherein they opined to the safety in the workplace as demonstrated by no previous injuries for falls and no knowledge by the Safety Committee of any known dangers or risks. We find no impediment in permitting Dr. Ellis to give an opinion in opposition to these affidavits. We note all three opinions testify as to an ultimate issue. Under Evid.R. 704, an opinion or inference is not "objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."
Under Civ.R. 56(E), supporting affidavits are to be made with personal knowledge and must set forth facts that would be admissible at trial. Because Dr. Ellis's affidavit and attached report set forth facts and qualify under Evid.R. 702, 703 and 704, we find they would be admissible at trial. The question of the opinion's relevancy and credibility are trial issues to be examined under Evid.R. 104 and Evid.R. 401, not a Civ.R. 56 standard where the evidence is to be construed in favor of the non-moving party.
Appellees also argue Dr. Ellis's affidavit verifying his report is inadmissible hearsay. We disagree. The definition of hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R, 801(C). The verifying affidavit makes the attached report the words and opinion of Dr. Ellis.
The items that appellants bear the burden of proving by the preponderance of the evidence are set forth in Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, paragraphs one and two of the syllabus:
 Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed. 1984), in order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Van Fossen v. Babcock Wilcox Co. [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)
 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. (Van Fossen v. Babcock Wilcox Co. [1988], 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph six of the syllabus, modified as set forth above and explained.)
Appellees argue that Dr. Ellis's opinion speaks to the state of mind of the employer and the regulations cited have no bearing on appellees or the employee's work environment. Although this may be true, it does not relate to the issue of striking the affidavit. As noted earlier, credibility questions and contra opinions to those already raised by appellees in the Maudie and Huggins affidavits are relevant to the issues at hand.
Without passing on the credibility or ultimate relevance of Dr. Ellis's opinion, we find the trial court erred in striking his affidavit from the record. The trial court should have considered it under the Fyffe
standard along with all the other evidence presented.
Assignment of Error I is granted.
 II
Appellants claim the trial court erred in granting summary judgment to appellees. Because the trial court did not have Dr. Ellis's affidavit to consider and appellees' response may be different given the use of said affidavit, we decline to address the issue. This court is aware of our right to review motions for summary judgment under de novo review. However, in this case, we defer the matter to the trial court in order to permit appellees the opportunity to submit any responsive affidavits or arguments.
The judgment of the Court of Common Pleas of Knox County, Ohio is hereby reversed and remanded.
By FARMER, P.J. EDWARDS, J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is reversed and remanded to said court for further proceedings consistent with this opinion.
[1] The trial court's June 5, 2001 order does not state any grounds or reasons for striking the affidavit.